IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Bayco Products, Inc.<br>   A Texas Corporation<br><br>      Plaintiff,<br><br>v.<br><br>LB Marketing, Inc.<br>   A Delaware Corporation<br><br>      Defendant. | Case No._____<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bayco Products, Inc. ("Bayco") files this Original Complaint against Defendant LB Marketing, Inc., as follows:

## Nature of Action

1. This is an action for federal trademark infringement and federal unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Texas law for unfair competition.

## Parties

2. Bayco is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Wylie, Texas, and has places of business in this District and Division.

3. LB Marketing, Inc. ("LBM") is a corporation organized and existing

under the laws of the State of Delaware, with its principal place of business located at 8480 Holcomb Bridge Road, Suite 100, Alpharetta, GA 30022. Upon information and belief, LB Marketing, Inc. does business, *inter alia*, under the tradename of Police Security Flashlights ("PSF") as shown in **Exhibit 7**.   PSF may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc. 251 Little Falls Drive, Wilmington, DE 19808.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Further, this Court has jurisdiction under 28 USC § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over PSF because PSF has numerous and systematic contacts with Texas, including actively operating its interactive online flashlight sales website (see ¶¶ 14-15, *infra*) in Texas. PSF has taken tortious actions in Texas, including advertising and promoting its goods for sale in Texas and having entered into contracts and offers to sell and has sold goods in this District.  This cause of action arises from such activities and contracts.  See **Exhibit 6 and Exhibit 7.**

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) & (2) and

(c)(2), in that (a) PSF resides in this District, as this Court has personal jurisdiction over it, and (b) a substantial part of the events giving rise to the claims occurred in this District, in that PSF has taken tortious actions, entered into contracts, and sold goods in this District and this cause of action arises from such actions, contracts and sales.

## Factual Allegations

### *Bayco's Family of NIGHTSTICK Marks*

7. Bayco is a Texas-based manufacturer and a nationally renowned seller of NIGHTSTICK portable lighting devices, including a wide variety of hand-held flashlights. Some of such NIGHTSTICK flashlights are marketed and specifically targeted for tactical law enforcement needs. Since at least as early as 2007, and long before PSF adopted and began using its infringing designations, Bayco has marketed such lighting goods under the inherently distinctive common law NIGHTSTICK trademarks. Bayco has been using these NIGHTSTICK marks for at least fifteen years, resulting in Bayco's common law priority ownership of these marks. Further, Bayco is the owner of all right, title and interest in such NIGHTSTICK common law marks and all goodwill associated therewith   See **Exhibit 1** depicting selected pages from Bayco's www.nightstick.com  website showing its various NIGHTSTICK law enforcement lighting products.

8. In addition, since at least as early as 2007, Bayco has continuously used

in commerce its NIGHTSTICK mark. Bayco obtained multiple NIGHTSTICK federal registrations, including U.S. Registration Nos. 3366683, 6018935, 6018936, 6145445, 6145447 and 6318162.  Copy of these Registrations are attached hereto as **Exhibit 2**.  These registrations are valid and subsisting.

9. Collectively, the marks alleged above in Paragraphs 7 and 8 are referred to herein as the "Bayco Family of NIGHTSTICK Marks."  Bayco is the owner of all right, title and interest in and to the Bayco Family of NIGHTSTICK Marks and all appertaining goodwill.

10. Bayco has invested annually hundreds of thousands of dollars in advertising, marketing, and promoting its lighting goods under the Bayco Family of NIGHTSTICK Marks. In the last 5 years alone, Bayco has invested millions in the advertising, marketing, and promotion of its Bayco NIGHTSTICK Family of Marks. Indeed, Bayco's annual gross sales of its NIGHTSTICK lighting products exceeded $20 million over the last 5 years.

11. These marketing and promotional efforts include operating Bayco's above-referenced website, www.nightstick.com developed and owned by Bayco, and prominently participating in multiple active social media sites, such as:

- o   Facebook          https://facebook.com/NightstickByBayco
- o   Twitter              https://twitter.com/nightstick
- o   Instagram          https://www.instagram.com/nightsticklighting/

- o  LinkedIn        https://www.linkedin.com/company/nightstick
- o  YouTube       https://youtube.com/@Nightstick
- o  TikTok          https://www.tiktok.com/@nightsticklighting

Bayco's NIGHTSTICK products have also been featured and displayed at specialized industry forums. Bayco has continuously and extensively advertised nationwide in many of the leading trade publications (representative advertisements are shown in **Exhibit 3**).

12. To further advertise, market, and promote its Bayco Family of NIGHTSTICK Marks and enhance its reputation, Bayco has spent considerable sums to attend tradeshows worldwide in promoting its NIGHTSTICK lighting products. In the last 5 years alone, Bayco has attended between 60 and 120 tradeshows annually, located in countries throughout the world. By way of example, see selected photographs of Bayco's NIGHTSTICK tradeshow booths as shown in **Exhibit 4**.

13. Bayco has also been the subject of numerous national magazine articles, including those appearing in the *International Fire & Safety Journal*, *Industrial Compliance* and others, as shown in **Exhibit 5**, all of which have prominently featured the Bayco Family of NIGHTSTICK Marks in association with its portable lighting products.

## *Defendant PSF'S Infringing Activities*

14.  Upon information and belief, PSF advertises, promotes, markets, offers for sale and sells tactical law enforcement flashlights under the KNIGHTSTICK brand. Further, PSF provides an online interactive website at www.policesecurity.com (which is also located by being redirected from LBM's www.lbusa.net domain) which advertises and promotes materials pertaining to its KNIGHTSTICK tactical flashlight products. Selected pages from PSF's website are attached as **Exhibit 6**.

15.  Upon information and belief, PSF is actively advertising, marketing, promoting and selling its KNIGHTSTICK flashlights throughout the United States via its interactive website (**Exhibit 6**).

16.  Notwithstanding these numerous references to the Bayco Family of NIGHTSTICK Marks, upon information and belief, PSF does not sell genuine NIGHTSTICK lighting products. Bayco has never granted PSF the right to use Bayco' Family of NIGHTSTICK Marks in any manner.

17.  The term KNIGHTSTICK as used in PSF's marketing, advertising, and promotional materials and on in association with its flashlight products, are collectively referred to herein as the "Infringing Designation."

18. Although not affiliated with or endorsed by Bayco in any manner, PFS continues to use the Infringing Designation without Bayco's authorization or permission.

## Causes of Action

### Count 1

*Federal Trademark Infringement*

*In Violation of Lanham Act § 32 (15 U.S.C. § 1114(1))*

19. Bayco repeats and reasserts all allegations contained in Paragraphs 1 through 18 above as if they were stated in full herein.

20. This is a claim by Bayco for infringement of its Bayco Family of NIGHTSTICK Marks trademarks.

21. The Bayco Family of NIGHTSTICK Marks are in full force and effect and have never been abandoned.

22. The Bayco Family of NIGHTSTICK Marks are inherently distinctive.

23. The Bayco Family of NIGHTSTICK Marks are owned by Bayco and are widely used by Bayco throughout the United States in association with its lighting goods.

24. Bayco intends to reserve and maintain its rights with respect to the Bayco Family of NIGHTSTICK Marks and to continue to use its Family of NIGHTSTICK

Marks in connection with the sale of tactical law enforcement flashlights that directly compete with those offered and marketed by PSF under the Infringing Designation.

25. By virtue of the goodwill and reputation for quality associated with Bayco Family of NIGHTSTICK Marks and Bayco's extensive efforts at promoting, advertising, and utilizing the Bayco Family of NIGHTSTICK Marks, the Bayco Family of NIGHTSTICK Marks have developed a secondary meaning and significance in the minds of those in the market for tactical law enforcement flashlights. The goods provided under the Bayco Family of NIGHTSTICK Marks are immediately identified by the purchasing public with Bayco or as emanating from a single source.

26. PSF's unauthorized use of the Bayco Family of NIGHTSTICK Marks and Infringing Designation in order to promote its KNIGHTSTICK flashlights alleged herein, reproduces, counterfeits, copies, colorably imitates, and constitutes infringement of the Bayco Family of NIGHTSTICK Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the goods in violation of 15 U.S.C. § 1114(1).

27. The actions of PSF complained of herein constitute willful and intentional infringement of the Bayco Family of NIGHTSTICK Marks in total disregard of Bayco's proprietary rights. Those actions were commenced and have continued in spite of PSF's knowledge that the use of any of the Bayco Family of NIGHTSTICK Marks, or any reproduction, counterfeit, copy, or colorable imitation

thereof, was and is in direct contravention of Bayco's rights.

28. PSF's unauthorized use of the Bayco Family of NIGHTSTICK Marks is irreparably damaging to Bayco in the form of: (i) loss of income, sales revenue and profits; (ii) interference with Bayco's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the goods provided in connection with the Bayco Family of NIGHTSTICK Marks; and (iv) impairment of the goodwill Bayco has in its Family of NIGHTSTICK Marks. If not enjoined, Bayco will suffer irreparable damage to its rights in the Bayco Family of NIGHTSTICK Marks and its business, reputation, and goodwill.

29. Bayco has no adequate remedy at law.

30. Bayco is entitled to permanent injunctive relief against PSF under 15 U.S.C. § 1116.

31. Bayco is entitled to recover from PSF its profits, all damages that Bayco has sustained from PSF's infringement, prejudgment interest, and the costs associated with this action under 15 U.S.C. § 1117.

32. PSF's conduct renders this an exceptional case. Accordingly, Bayco is also entitled to recover from PSF treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 2

*Unfair Competition, False Designation of Origin, and False Descriptions*

*In Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))*

33. Bayco repeats and reasserts all allegations contained in Paragraphs 1 through 32 above as if they were stated in full herein.

34. The Bayco Family of NIGHTSTICK Marks are each individually distinctive, because they have been used throughout the United States and are well known to the trade and to those in the market for tactical flashlights.

35. Those in the market for tactical flashlights associate and identify the Bayco Family of NIGHTSTICK Marks with Bayco and/or the goods Bayco provides (or associates them with a single source), including without limitation, the manufacturing and sale of tactical law enforcement flashlights.

36. PSF's conduct in the advertising, marketing and sales of its KNIGHTSTICK flashlights under the Infringing Designation, and PSF's use of Bayco Family of NIGHTSTICK Marks, constitutes false designation of origin or sponsorship of PSF's goods and tends falsely to represent that PSF's goods originate from Bayco (or from the same source that markets and sells goods under the Bayco Family of NIGHTSTICK Marks) or that such goods of PSF have been sponsored, approved, or licensed by Bayco or are in some way affiliated or connected with Bayco, all in violation of 15 U.S.C. § 1125(a).

37. By way of example, PSF claims to offer for sale and sell KNIGHTSTICK flashlights, yet, upon information and belief, PSF does not sell any flashlights having genuine Bayco parts branded with the Bayco Family of NIGHTSTICK Marks. This is a false or misleading statement of fact that deceives or is likely to deceive potential customers in a material way that are likely to influence the consumer's purchasing decision.

38. PSF's actions were done willfully in full knowledge of the falsity of such designations of origin and such descriptions or representations and of the statements of fact, and with express intent to cause confusion, mislead, and deceive the purchasing public.

39. PSF's unlawful acts constitute commercial use in interstate commerce.

40. PSF's unauthorized use of the Bayco Family of NIGHTSTICK Marks is irreparably damaging to Bayco in the form of: (i) loss of income, sales revenue, and profits; (ii) interference with Bayco's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the goods provided in conjunction with the Bayco Family of NIGHTSTICK Marks; and (iv) impairment of the goodwill Bayco has in its Bayco Family of NIGHTSTICK Marks. If not enjoined, Bayco will continue to suffer irreparable injury to its rights in the Bayco Family of NIGHTSTICK Marks and to its business, reputation and goodwill.

41. Bayco has no adequate remedy at law.

42. Bayco is entitled to permanent injunctive relief against FG under 15 U.S.C. § 1116.

43. Bayco is entitled to recover from PSF its profits, all damages that Bayco has sustained from PSF's infringement, prejudgment interest, and the costs associated with this action under 15 U.S.C. § 1117.

44. PSF's conduct renders this an exceptional case. Accordingly, Bayco is also entitled to recover from PSF treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 3

### *Unfair Competition Under Texas Common Law*

45. Bayco repeats and reasserts all allegations contained in Paragraphs 1 through 44 above as if they were stated in full herein.

46. Bayco is, and at all times mentioned in this Complaint has been, engaged in the business of manufacturing and selling tactical flashlights to law enforcement, in association with the Bayco Family of NIGHTSTICK Marks. Bayco owns the registered Bayco Family of NIGHTSTICK Marks identified herein. Bayco has invested substantial time and expense in the development of the NIGHTSTICK products, as well as in the Bayco Family of NIGHSTICK Marks.

47. PSF, without Bayco's consent, is using a reproduction, counterfeit, copy, or colorable imitation of the Bayco Family of NIGHTSTICK Marks and is

trading off Bayco's NIGHTSTICK goodwill in connection with selling, offering for sale, or advertising and/or marketing of its KNIGHTSTICK flashlights.

48.     PSF's use of Bayco Family of NIGHTSTICK Marks and/or the Infringing Designation is likely to deceive or cause confusion or mistake as to the source or origin of PSF's provided goods, as well as damage Bayco's goodwill. As alleged in more detail above, PSF's acts constitute federal trademark infringement under Section 32 of the Lanham Act. These acts also constitute unfair competition under Texas common law as shown in the above allegations.

49.     Unless PSF is enjoined from the acts complained of, Bayco will suffer irreparable harm, for which Bayco has no adequate remedy at law. Bayco is entitled to an injunction under Texas law.

50.     Bayco is entitled to recover from PSF its lost profits resulting from PSF's infringement.

## Jury Demand

Pursuant to Rule 38(b), F.R.C.P., Bayco demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Bayco respectfully requests that the Court:

A.      Permanently enjoin PSF from continuing to use the Bayco Family of NIGHTSTICK Marks (or any derivation of colorable imitation thereof), or any of

them, including the Infringing Designation, in conjunction with marketing, advertising, promotion and/or sale of flashlight products;

B. Compel PSF to destroy all advertising, marketing and promotional materials displaying, or to remove therefrom all references to, the Infringing Designations or any other term or mark confusingly similar to Bayco Family of NIGHTSTICK Marks, or any of them;

C. Award Bayco compensatory and treble damages associated with PSF's past use and infringement of the Bayco Family of NIGHTSTICK Marks, including but not limited to three times PSF's profits, and three times the damages sustained by Bayco as the result of PSF's conduct;

D. Award Bayco its costs incurred herein, prejudgment interest, and attorney's fees; and,

E. Award such further and/or alternative relief this Court deems proper.

Dated: April 12, 2023

Respectfully submitted,

*/s/Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

**WHITAKER CHALK SWINDLE
 & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**Attorneys for Plaintiff
Bayco Products, Inc.**